**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BAIT PRODUCTIONS PTY LTD,**

        **Plaintiff,**

                                  **CASE NO.:**

**v.**

**LANSTON MORGAN,**

        **Defendant.**

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Injunctive Relief Sought)**

Plaintiff, Bait Productions Pty Ltd, ("Bait Productions") sues Lanston Morgan, and alleges the following:

**PARTIES**

1. Plaintiff is an Australia company that produces, markets and distributes motion pictures.

2. Lanston Morgan is a resident of Ocala, Florida.

**JURISDICTION AND VENUE**

3. This is a suit for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Lanston Morgan is a resident of Ocala, Marion County, Florida and thus resides in this judicial district.

5. This Court has personal jurisdiction over Lanston Morgan because Lanston Morgan conspired to and did commit acts of copyright infringement and contributory copyright infringement nationwide, including within in this judicial district.

**GENERAL ALLEGATIONS**

6. Lanston Morgan used the Internet to unlawfully reproduce and distribute Plaintiff's copyrighted motion picture, "*Bait*" a/k/a "*Bait 3D*" (the "Motion Picture"), by means of interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent.

7. P2P networks, at least in their most common form, are computer systems that enable Internet users to: 1) make files (including motion pictures) stored on each user's computer available for copying by other users or "peers"; 2) search for files stored on other users' computers; and 3) transfer exact copies of files from one computer to another via the Internet. The particular P2P protocol at issue in this suit is called "BitTorrent."

8. Lanston Morgan initiated his infringing conduct by first intentionally logging into the one of many BitTorrent client repositories known for their large index of copyrighted movies, television shows, and software. On or about 9/30/2012 12:21:51 AM, Lanston Morgan then intentionally obtained a torrent file (the "Swarm Sharing Hash File" at issue in this suit, SHA1:

2

AF6DFAE85AE918D0FAB0D1B75B8FCC7A77434A98 ("Hash SHA1: AF6DF")) for Plaintiff's Motion Picture from the index and intentionally loaded that torrent file into a computer program designed to read such files. The particular file a BitTorrent swarm is associated with has a unique "hash" (a file identifier generated by an algorithm developed and implemented by the National Security Agency). The hash file identified above provides access to an unauthorized copy of Plaintiff's copyrighted Motion Picture.

9. With the torrent hash file intentionally loaded by Lanston Morgan, his BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and "sharing" copies of the digital media described in Hash SHA1: AF6DF, namely, Plaintiff's Motion Picture. The program then coordinated the copying of Plaintiff's Motion Picture to Lanston Morgan's computer from other users, or peers, sharing the film. As the Motion Picture was copied to Lanston Morgan's computer piece by piece, these downloaded pieces of Plaintiff's Motion Picture were then immediately available to other peers from Lanston Morgan's computer.

10. By means of this process, Lanston Morgan also immediately became an uploader, meaning that each of Lanston Morgan's downloaded pieces of Plaintiff's Motion Picture were immediately available to other users seeking to obtain the file, without degradation in sound or picture quality.

11. It is in this way that Lanston Morgan illegally copied and distributed Plaintiff's Motion Picture as both an uploader (distributor) and downloader (copier) of the illegally transferred file of Plaintiff's Motion Picture.

12. This interactive, simultaneous data-sharing connection, referred to as a "swarm," leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any user that has downloaded a piece prior to the time a subsequent user downloads the same file is automatically a source for the subsequent user so long as that prior user is online at the time the subsequent user downloads a file. Thus, after a successful download of a piece, the piece is made available to all other users.

13. Through this process, Lanston Morgan's distribution of even a single unlawful copy of Plaintiff's Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people, resulting in a cascade of infringement.

14. Lanston Morgan's infringements described above allow him and others to unlawfully obtain and distribute unauthorized copies of Plaintiff's Motion Picture, which Plaintiff spent a substantial amount of time, money and effort to produce, market and distribute.

15. Each time Lanston Morgan unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, particularly via BitTorrent, each recipient can then distribute that unlawful copy to others without degradation in sound or picture quality. Thus, Lanston Morgan's distribution of even one unlawful copy of Plaintiff's copyrighted motion picture can result in the nearly instantaneous worldwide distribution to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights in its Motion Picture.

## THE COPYRIGHT

16.     Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright law with respect to the Motion Picture.

17.     The Motion Picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

18.     Bait Productions, as the owner, holds the copyright registration on the Motion Picture, including Copyright Registration Number Pau 3-553-375 (the "'375 Copyright").  *See* Exhibit A, Certificate of Registration.

19.     Under the Copyright Act, Bait Productions owns all right, title, and interest in the '375 Copyright, including the right to sue for past infringement.

20.     Under the Copyright Act, Plaintiff also possesses the exclusive rights to reproduce the copyrighted work and to distribute the copyrighted work to the public.

21.     Lanston Morgan had notice of Plaintiff's copyright rights.

## LANSTON MORGAN'S COPYRIGHT INFRINGEMENT

22.     Plaintiff has recorded Lanston Morgan actually publishing the Motion Picture via BitTorrent, as Plaintiff's investigator has downloaded the Motion Picture from Lanston Morgan.

23.     Plaintiff's Motion Picture is easily discernible as a professional work. Plaintiff created the Motion Picture using professional performers, directors, cinematographers, lighting technicians, set designers and editors.  Plaintiff created the Motion Picture with professional-grade cameras, lighting, and editing equipment.

24. Lanston Morgan, without authorization, copied and distributed the audiovisual Motion Picture owned by and registered to Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3)

25. Lanston Morgan owns or otherwise had control of a computer connected to the Internet via an IP address that contained – or possibly still contains – a torrent file identifying Plaintiff's copyrighted Motion Picture.

26. Lanston Morgan republished and duplicated Plaintiff's Motion Picture in an effort to deprive the Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

27. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff is, and all relevant times, has been, the copyright owner of the Motion Picture infringed upon by Lanston Morgan.

29. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute the Motion Picture to the public.

30. Lanston Morgan, without Plaintiff's permission or consent, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion Picture available for distribution to others. In doing so, Lanston Morgan violated Plaintiff's exclusive rights of reproduction and distribution.

31. The actions of Lanston Morgan constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

32. Lanston Morgan's acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff. Lanston Morgan has also used the file sharing method described above to download numerous copyright protected works of others and is, therefore, a serial copyright infringer who has demonstrated a repeated and blatant disregard for the prohibitions against contained within the Copyright Act and the rights of copyright owners.

33. As a result of Lanston Morgan's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorney's fees and costs pursuant to 17 U.S.C. § 505.

34. The conduct of Lanston Morgan is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Lanston Morgan from further infringing Plaintiff's copyright and ordering that Lanston Morgan destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Lanston Morgan as follows:

A. Preliminarily and permanently enjoining Lanston Morgan from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy

    Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.  Lanston Morgan also shall destroy all copies of Plaintiff's Motion Picture that Lanston Morgan has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Lanston Morgan's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorney's fees; and

E. Granting all such other and further relief as the Court deems proper.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

35. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 26 and 28 through 30 as if fully set forth herein.

36. Lanston Morgan, without the permission or consent of Plaintiff, participated in a BitTorrent swarm directed at making the Motion Picture available for distribution to himself as well as others, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion Picture available

for distribution to others. In doing so, Lanston Morgan violated Plaintiff's exclusive rights of reproduction and distribution.

37. By participating in the BitTorrent swarm with other persons, Lanston Morgan intentionally induced or encouraged and materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other swarm members.

38. Lanston Morgan's acts of contributory infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff. Lanston Morgan has also used the file sharing method described above to download numerous copyright protected works of others and is, therefore, a serial copyright infringer who has demonstrated a repeated and blatant disregard for the prohibitions against contained within the Copyright Act and the rights of copyright owners.

39. As a result of Lanston Morgan's contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorney's fees and costs pursuant to 17 U.S.C. § 505.

40. The conduct of Lanston Morgan is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Lanston Morgan from further contributing to the infringement of Plaintiff's copyright and ordering that Lanston Morgan destroy all copies of the copyrighted motion picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Lanston Morgan as follows:

A. Preliminarily and permanently enjoining Lanston Morgan from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Lanston Morgan also shall destroy all copies of Plaintiff's Motion Picture that Lanston Morgan has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Lanston Morgan's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorney's fees; and

E. Granting all such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  January 16, 2013                    Respectfully submitted,


                                            s/ Richard E. Fee
                                            Richard E. Fee
                                            Florida Bar No. 813680
                                            IP ENFORCEMENT LAW GROUP P.A.
                                            1227 N. Franklin Street
                                            Tampa, Florida 33602
                                            (813) 490-6050
                                            (813) 490-6051 (Facsimile)
                                            rfee@ipenforcementlaw.com

                                            Trial Counsel for Plaintiff,
                                            Bait Productions Pty Ltd